Judge Owsley
delivered the Opinion of the Court.
This was an action of covenant brought against Samuel Moore, Andrew M’Roberts and Margaret his wife, late Margaret Moore, Willis P. Blanks and Polly his wife, late Polly Moore, Ann Cowan,, late Ann Moore, who are described to be devisees and distributees of Robert Moore, deceased, upon an obligation given by said Robert Moore in his life time, to James Moore, in whose name the action was brought.
The obligation bears date the 19th day of July, 1794, and the action was commenced the 14th day of January, 1823. The declaration, after setting out the obligation, and after assigning breaches, among other things, avers, that prior to 1805, Robert Moore, the obligor-, departed this life, and that in the same year his will was proved and admitted to record in the county court of Lincoln, in this State; that Ann Moore, William M’Kee and Samuel Moore, the executors named in the will, at the same time, executed bond and took upon themselves the execution of the will; and that afterwards, in 1808, a settlement of the estate was made by the executors with the county court of Lincoln, and the amount *255 ©f the estate which remained in their hands, upon settlement, was afterwards distributed and paid over to the defendants respectively, according to the directions of the will.
Defendants received personalty only, from the estate .of tjhe deceased,.
In an action against devisee of lands, either the heir or executor or both must be join-
Act of 1819, gives an action against the distributees of the deceased ob,. ligor.
There is no suggestion in the declaration, that any land came to the hands of either of the defendants, by devise under the will of the testator Robert Moore, so that though named as devisees of the said Robert Moore, it is evident that the design of the plaintiff was, not to recover against the defendants as devisees of the real estate of the testator, but to charge them as distributees pf the personal estate, which, after the settlement with the county court, Was paid to them by the executors, in pursuance to the directions of the will.
We shall, therefore, in the consideration of the case, treat it as an action brought to recover of the distributees of the personal estate of the testator Robert Moore, upon an obligation which was given by him, to the plaintiff, James Moore. The action should be so treated, not only because the defendants are not alleged to have derived any real estate by devise from the testatoj, but because no action •is maintainable against the devisees'of real estate, upon a contract $f the testator, without joining .either the heir or executor, or both heir and executor, and there is not only an omission in the declaration to aver either of the defendants to be the heir, but it is evident that, though some of the defendants may be executors, all of .the executors areonot sued, and it cannot haye been intended by the plaintiff to sue any of them as executors.
The rule is, however, otherwise as to the distributees o-f the personal estate. After the estate is received by them, an action may, in some cases, be maintained against them, without joining the executor or administrator. The action is not, however, maintainable against the distributees, by force of the common law; but the right to maintain such an action is expressly given by the act of 1819, and it is apparent from the declaration, that it was designed by the plaintiff to bring his case within the provisions of that act, and to succeed in his action *256 against the defendants, as distributees of the per? sonal estate only.
If the plaintiff’s declaration thews no cause of action, there cun be no error committed against him in the ¡mbsequent progress of the case.
Act of 1819, giving the action against the distributees.
Tiiis act of 1819 does not give an action against the distributees, in anjease where •the limitation is five years.
*256 The first question which it is, therefore, proper to notice, is, has the plaintiff brought his case with? in the act of 1819?
If he has not, as he is seeking to reverse a judg? ment rendered against him in a case wherein no cause of action is even attempted to be alleged against the defendants in any other capacity except as distributees, it is obvious that whatever may he the errors which have been committed against him, in the progress of the trial, in the court below, the judgment should not be reversed at his instance. The judgment can form no bar to any other action which may hereafter be brought by him, to charge the defendants in any other right than-as distributees of the personal estate, and if his declaration contains no sufficient cause of action against them in that character, it wouffl be idle to reverse the judgment because of errors committed in the course of the trial, when, if it were reversed, we should have to direct a judgment of the same sort to be entered against the plaintiff, because of the insufficiency of his declaration to show any right of action. |
The act of 1819, within which the plaintiff must have brought his case, to enable him to maintain his, action against the defendants as distributees, provides: that “no suit shall be brought against an executor or administrator, on account of a contract of his tesiator or intestate, unless the suit he brought within five years from the time of Ms qualifying as such, or within five years next after the cause of action accrued: Provided, such executor or administrator has, before suit brought, distributed the estate according to law, and settled his accounts with the court. But in such cases, an action may he maintained against the distributees who have received the estate: Provided also, that nothing herein contained shall be construed to alter or change the laws in relation to the limitation of actions.”
It most indubitably cannot have been intended by the makers of this act, to authorise suits to be main? *257 tained against distributees, who may have received any of the personal estate from the executor- or administrator of. the testator or intestate, upon every contract of the testator or intestate, provided that by lapse of time, no action can be maintained against the executor or administrator. Before and at the passage of the act no action of assumpsit could be maintained, but within five years next after the cause of action accrued, and to admit that parol contracts were meant to he brought within the act, we should, by construction and in violation of the letter of the act, impute to the legislature an intention to change the laws in relation to the limitation of actions then in force, so as to revive against distributees, actions upon contracts of that sort, after no action could, by the then existing laws of limitations, be maintained upon the contract against the executor or administrator. But the act may have a sensible operation without -construing it to apply to parol contracts. Ther.e is a description of contracts to which the statute of limitations which was in force at the passage of the act, had no application, and by understanding the provisions of the act to have been intended by its makers to embrace contracts of that sort only, a consistency between that intention arid the language used in the act will be -maintained.
Distributees cannot be sued, under tho act of 1819, whilst the acp tion is maintainable against the exr ecutor.
But the contract may be one to which the statute of limitations in force at the passage of the act, had no application, and yet no action may be maintainable thereon against the distributees, under the act,. It is not whilst any action is maintainable against the executor or administrator, that an action is given by the act against the distributees. The act has prescribed a time hi which actions upon contracts, not coming within any previous statute of limitations, must be commenced against executors and administrators who have settled the estate and made distribution; and it is only in those cases where, by lapse of time, no action is allowed upon contracts .embraced by the act, against executors or administrators, that actions may, according to the provisions of the act, be maintained against the distributees.
Act of 1819, limiting the action against executors, and giving an action against distributees, does not apply to cases where the executor had been qualiSed before the enactment.
Declaration being ill, plaintiff’s as signment of error not considered.
Robertson, for plaintiff; Denny and Montgomery, fop flefendnnts,. !
Whether or not, therefore, the plaintiff has brought his case within the provisions of the act, turns, upon the question whether, from the facts alleged in his declaration, no action is maintainable upon the obligation of the testator, against his executors. The contract upon which the action is founded, Is doubtless one to which no previous statute of limitations applies, and there was not only, before the commencement of the action, more than five years since the cause of action accrued, but after qualifying more than five years before suit brought; the executors, moreover, appear to have actually settled the estate and made distribution thereof among the defendants.
But notwithstanding all this, we apprehend, that an action is still maintainable against the executors upon the obligation. It could not be done were the act to be construed to have a retrospective operation, and made to apply as well to actions brought against executors who qualified before its passage, as to such as might thereafter qualify. Sueh is not, however, the construction which, in our opinion, ought to be put upon the act. Tlie language used in the act applies with much more propriety to executors thereafter qualifying, than to executors who had previously qualified; and it is not to be presumed that, by employing such language, the legislature intended to deprive any one of an existing right of action against an executor or administrator, as would be the case, as respects the demand upon which this action is founded, if the act were construed to apply to executors who had taken upon themselves the execution of that office before its passage.
Hence we infer, that notwithstanding the provisions of the act, an action is still maintainable against the executors of the testator, and that no cause of action against the distributees is alleged in the declaration. Without going into the questions made by the assignment of errors, therefore, the judgment against the plaintiff must be affirmed with cost.